## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

## JUDGE PHILIP A. BRIMMER

## COURTROOM MINUTES

| | |
|---|---|
| Courtroom Deputy: Kathy Preuitt-Parks | Date: October 14, 2011 |
| Court Reporter: Janet Coppock | Time: 2 hours and 35 minutes |
| Probation Officer: Gary Kruck | Interpreter: n/a |

**CASE NO.  09-CR-00529-PAB-03**

| Parties | Counsel |
|---|---|
| **UNITED STATES OF AMERICA,** | Michelle Heldmyer |
| | FBI Agent Jane Quimby |
| Plaintiff, | |
| vs. | |
| **3. SHAWNEE N. CARVER,** | Colleen Scissors |
| Defendant. | |

## SENTENCING

**10:35 a.m.    COURT IN SESSION**

APPEARANCES OF COUNSEL.  Defendant is present on bond.

**ORDERED:** The statement of facts in the Plea Agreement and the Presentence Report are not disputed by the parties and are adopted in the Court's factual findings in this case. The report is incorporated by reference as part of the Court's findings and conclusions.

Court will address defendant's objections to the presentence investigation report.

**10:40 a.m.**    Argument by Ms. Scissors as to defendant's objection to the sophisticated means enhancement.

Page Two
09-CR-00529-PAB-03
October 14, 2011

**10:45 a.m.**     Argument by Ms. Heldmyer.

Court states its findings.

**ORDERED:**   Defendant's objection to the sophisticated means enhancement is **OVERRULED**.

Court will address vulnerable victim enhancement.

**11:04 a.m.**     Direct examination of Government's witness Jane Quimby by Ms. Heldmeyer.

**11:20 a.m.**     Cross examination by Ms. Scissors.

**11:25 a.m.**     Redirect examination by Ms. Heldmyer.

**11:27 a.m.**     Questions to the witness by the Court.

Witness excused.

Court states its findings.

**ORDERED:**   Defendant's objection to the vulnerable victim enhancement is **SUSTAINED**.

**11:47 a.m.**     Argument by Ms. Heldmyer in support of **Government's Motion for Downward Departure For Defendant Shawnee Carver Pursuant to U.S.S.G. 5K1.1 (Doc #509), filed 9/15/11.**

**11:48 a.m.**     Argument by Ms. Scissors.

Court states its findings.

**ORDERED:**   Government's Motion for Downward Departure For Defendant Shawnee Carver Pursuant to U.S.S.G. Section 5K1.1 (Doc #509), filed 9/15/11, is **GRANTED**, as stated on the record.

Statement by the Court regarding defendant's offense level, criminal history level and sentencing guidelines range.

Argument by Ms. Scissors in support of defendant's request for a variant sentence and comments addresses sentencing.

Page Three
09-CR-00529-PAB-03
October 14, 2011

Argument by Ms. Scissors in support of defendant's request for a variant sentence and comments addressing sentencing.

Michael Simpson addresses the Court.

Ms. Heldmyer addresses the Court.

Terri Troutner addresses the Court.

EJ Verdahl addresses the Court.

Steve Bagga addresses the Court.

**12:35 p.m.    COURT IN RECESS**

**12:55 p.m.    COURT IN SESSION**

Further comments by Steve Bagga.

Defendant addresses the Court.

Court states its findings and conclusions.

**ORDERED:** Defendant's request for a variant sentence, is **GRANTED in PART and DENIED in PART,** as stated on the record**.**

Defendant entered her plea on **December 9, 2010** to count **One of the Superseding Indictment.**

**ORDERED:** Defendant's plea of guilty is **ACCEPTED.**

**ORDERED:** Court **ACCEPTS** the Plea Agreement.

Court considers statutory factors of 18 USC § 3553(a) in arriving at sentence.

**ORDERED:** Defendant shall be **imprisoned** for **24** months.

**ORDERED:** Upon release from imprisonment, defendant shall be placed on **supervised release** for a period of **3** years.

Page Four
09-CR-00529-PAB-03
October 14, 2011

**ORDERED:** **Conditions** of Supervised Release that:
- (**X**) Within 72 hours of release from the custody of the Bureau of Prisons, defendant shall report in person to the probation office in the district to which the defendant is released.
- (**X**) Defendant shall not commit another federal, state or local crime.
- (**X**) Defendant shall not illegally possess controlled substances.
- (**X**) Defendant shall not possess a firearm or destructive device.
- (**X**) Defendant shall comply with standard conditions recommended by U.S. Sentencing Commission.
- (**X**) Defendant shall refrain from the unlawful use of a controlled substance and submit to one drug test within 15 days of release on supervised release and at least two periodic drug tests thereafter for use of a controlled substance.
- (**X**) Defendant shall cooperate in the collection of a DNA sample from the defendant as directed by the probation officer.
- (**X**) Mandatory drug testing provisions of 18 U.S.C. § 3583(d) are WAIVED because the presentence investigation report indicates a low risk of future substance abuse by the defendant.

**ORDERED:** **Special Condition** of Supervised Release that:
- (**X**) Defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer, unless the defendant is in compliance with the periodic payment obligations imposed pursuant to the Court's judgment and sentence.
- (**X**) As directed by the probation officer, the defendant shall apply any monies received from income tax refunds, lottery winnings, inheritances, judgments, and any anticipated or unexpected financial gains to the outstanding court ordered financial obligation in this case.
- (**X**) Any employment for the defendant shall be approved in advance by the supervising probation officer. The defendant shall permit contact between the probation officer and her employer(s), including but not limited to, full time, part time, temporary and contract employment.
- (**X**) The defendant is prohibited from employment where he/she would solicit funds for investment or employment which would permit her to have custody and/or control over investor funds, and may not be in the signatory on any accounts possessing investor employment.
- (**X**) The defendant shall submit to financial monitoring by, or at the direction of, the probation officer.
- (**X**) The **special assessment/restitution/fine** obligations are due immediately. Any unpaid balances upon release from incarceration shall be paid in monthly installment payments during the term of supervised release. The monthly installment payment will be calculated as at lease 10 percent of the defendant's gross monthly wages.

Page Five
09-CR-00529-PAB-03
October 14, 2011

**ORDERED:** Defendant shall pay **$100.00** to **Crime Victim Fund** (Special Assessment), to be paid immediately.

**ORDERED:** **No fine** is imposed because defendant has no ability to pay a fine.

**ORDERED:** Costs of imprisonment and supervised release are WAIVED.

**ORDERED:** Defendant shall make **restitution**, to be determined.  Court defers entry of restitution order and counsel are directed to contact chambers and schedule a hearing within **90 days** from today's date.

**ORDERED:** Defendant may surrender voluntarily as follows: Report to the designated institution on or before **12:00 noon, on the date determined, to the institution designated by the Bureau of Prisons.**

**ORDERED:** Counts **24 through 33 of the Superseding Indictment** are **DISMISSED**.

**ORDERED:** Defendant advised of right to appeal. Any notice of appeal must be filed within 10 days.

**ORDERED**: Bond is continued.

**ORDERED:** A copy of the presentence report shall be forwarded to the U.S. Bureau of Prisons and the U.S. Sentencing Commission.

**1:30 p.m.** **COURT IN RECESS**

**Total in court time:** **155 minutes**

**Hearing concluded**